UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>IRENE GUERRERO,<br><br>Defendant. | 3:22-CR-30077-RAL<br><br>ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |

1.  **Facts**

In October 2023, Irene Guerrero was sentenced to 48 months in custody and three years of supervised release for conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§846, 841(a)(1), and 841(b)(1)(B). Doc. 80. In March 2025, a petition to revoke Guerrero's supervised release was filed. Doc. 85. Guerrero was arrested on and been in custody since July 13, 2025. Docs. 89, 91. On August 20, 2025, Guerrero was sentenced to four months in custody and 30 months of supervised release. Doc. 97. Guerrero's release date is November 11, 2025.

On September 28, 2025, Guerrero suffered a significant stroke and has been hospitalized since. Doc. 99 at 2. On October 1, 2025, Guerrero's counsel was advised that Guerrero had the use of only one arm and was unable to eat, drink, or talk. Id. On October 2, 2025, Guerrero's counsel was advised that Guerrero made considerable improvements and was able to eat, drink, and talk but was still unable to walk. Id. The extent Guerrero will be able to improve and the

1

duration it will take to get there are still unknown. Id. Due to this stroke and hospitalization, Guerrero now moves for compassionate release. Doc. 99.

## II. Discussion and Analysis

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c)(1)(A) provides an exception to this general rule. Section 3582(c)(1)(A), as amended by the First Step Act, allows a district court to hear and decide motions for a reduced sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights to appeal the Bureau of Prisons's (BOP) failure to file a motion on the prisoner's behalf, or after 30 days have passed from receipt of such a request by the warden of the prisoner's facilities, whichever is earlier. "This requirement is a mandatory claim-processing rule. As such, it must be enforced so long as the opposing party properly raises it. United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (citations omitted). Here, Guerrero has requested a waiver of the exhaustion requirement due to the urgent nature of her claim, limited time remaining on her sentence, and the fact that she is not in BOP custody. Doc 99 at 3. Due to the foregoing reasons and that the government does not object to the motion, the exhaustion requirement is waived.

Under § 3582(c)(1)(A), a district court may grant a prisoner's motion for a reduced sentence after (1) the court finds that extraordinary and compelling reasons exist, (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, and (3) an examination of the § 3553(a) sentencing factors support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). The United States Sentencing Commission has

provided the following circumstances to qualify as "extraordinary and compelling reasons" for a reduction in sentence:

> (1) Medical Circumstances of the Defendant.—
>   (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. . . . .
>   (B) The defendant is—
>     (i)   suffering from a serious physical or medical condition,
>     (ii)  suffering from a serious functional or cognitive impairment, or
>     (iii) experiencing deteriorating physical or mental health because of the aging process,
>         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>   (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> . . . .
> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13 (b)(1)(A)–(C), (5).

Here, Guerrero's recent stroke qualifies as an extraordinary and compelling circumstance given the short duration of one month remaining on her sentence. Guerrero's stroke constitutes a serious physical or medical condition and a serious functional or cognitive impairment substantially diminishing her ability to provide self-care within a correctional facility. Her stroke is also a medical condition that requires long-term or specialized medical care that is not being provided by the correctional facility without which Guerrero is at risk of serious deterioration in health. Guerrero is still unable to walk and requires ongoing medical attention. Guerrero is undergoing three to four hours of physical therapy daily to rehabilitate her mobility. She is still bound to a wheelchair, although medical staff is hopeful to try using a walker in the near future.

Guerrero's need for medical assistance over the next month, the remaining amount of time on her sentence, raises this to an extraordinary and compelling circumstance.

To grant compassionate release, a court must also find that the § 3553(a) sentencing factors support early release. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a). Guerrero served three months of her four-month sentence for her violation of supervised release. In light of this unexpected stroke, the Court finds this to be an adequate punishment for her violation of the conditions of supervised release. Additionally, given her health condition and 30 months of supervision, Guerrero's risk to others can be monitored and mitigated by this Court's probation office.

### III. Conclusion

Guerrero has shown an extraordinary and compelling reason as outlined by the United States Sentencing Commission's Policy Statement and that the sentencing factors support granting compassionate release. Therefore, it is hereby

ORDERED that Guerrero's Motion for Compassionate Release, Doc. 99, is granted. It is further

ORDERED that Guerrero's term of imprisonment is reduced to time served. It is further ORDERED that the Bureau of Prisons release Guerrero forthwith.

DATED this 6th day of October, 2025.

                        BY THE COURT:

                        _____
                        ROBERTO A. LANGE
                        CHIEF JUDGE